UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No. 8:23-cv-2187

STEVEN HAMMOND,
SHARON HAMMOND,
Individuals,

      Plaintiffs,

v.

WESLEY CHAPEL-HY, LLC.,
d/b/a HYUNDAI OF WESLEY CHAPEL,
a Florida Corporation,

      Defendant.
_____/

**COMPLAINT AND DEMAND
FOR JURY TRIAL**

Plaintiffs, STEVEN and SHARON HAMMOND ("Plaintiffs") bring this action against WESLEY CHAPEL-HY, LLC., d/b/a HYUNDAI OF WESLEY CHAPEL, under the Consumer Leasing Act ("CLA"), 15 U.S.C. § 1667, and its implementing regulations, 12 C.F.R. § 1013 *et seq.* ("Regulation M").

**JURISDICTION AND VENUE**

1. The Court has federal question jurisdiction under 28 U.S.C. § 1331 because the claim arises from the CLA, a federal statute. 15 U.S.C. § 1667d(c).

2. Venue is proper before this Court because the acts and transactions giving rise to Plaintiffs' action occurred in this district, Plaintiffs reside in this

district, and Defendant transacts business in this district.

## PARTIES

3. Plaintiffs are natural persons who at all relevant times resided in Pasco County, Florida.

4. Defendant was at all relevant times herein was doing business in Pasco County, Florida.

## FACTUAL ALLEGATIONS

5. In October 2019, Defendant leased a new 2019 Hyundai Tucson 2WD ("Vehicle") to Plaintiffs.

6. The Vehicle was leased under a Florida Motor Vehicle Lease Agreement ("Lease"). A copy of the lease is attached as Exhibit A.

7. In the Lease, Defendant provided Plaintiff with the option to buy the Vehicle at the end of the lease term: "You have an option to purchase the Vehicle from us at the scheduled end of the Lease Term, AS IS, WHERE IS, from us or a party we designate, for the Residual Value on Line 7D above plus a Purchase Option Fee of $N/A. You are also responsible for any official fees, such as those for taxes, title, license, and registration." *Id*. ¶ 6.

8. The total buyout option price was $14,085.36.

9. Aside from the purchase option fee, the Lease did not disclose any other fees or costs to be added to the purchase price for Plaintiffs to exercise the purchase

option at the end of the Lease.

10.   Plaintiffs reasonably relied on these terms, including the purchase option price, when agreeing to the Lease.

11.   At the end of the lease term, Plaintiffs contacted the lease servicer and asked about the process to buy the Vehicle.

12.   In October of 2022, Plaintiffs visited Defendant to exercise the purchase option at the end of the lease term.

13.   However, to Plaintiffs' surprise, Defendant charged Plaintiffs $14,684.00 to buy the Vehicle and charged Plaintiff a $999.00 "Predelivery Service Charge", and a $198.00 "Private Tag Agency Fee" charge.

14.   The $999.00 "Predelivery Service Charge", and a $198.00 "Private Tag Agency Fee" charge were not official charges or fees.

15.   In the Lease, Defendant never disclosed that the purchase option price would be $14,684.00 and that payment of the $999.00 "Predelivery Service Charge", and a $198.00 "Private Tag Agency Fee" charge would be required to exercise the purchase option.

16.   Defendant's failure to honor the purchase price in the Lease was the cause of Plaintiffs' harm, as Plaintiffs were left with no choice but to pay the additional fees that are contrary to the amount stated as the purchase price in the Lease.

## COUNT I AS TO DEFENDANT'S VIOLATION OF FEDERAL CONSUMER LEASING ACT 15 U.S.C. § 1667a

17. The CLA governs the disclosures in the Lease because the lease term ran for 35 months and was for less than $58,300. 15 U.S.C. § 1667(1).

18. Plaintiffs are natural persons who leased the Vehicle primarily for personal, family, and household purposes. 15 U.S.C. § 1667(1)-(2).

19. Defendant had to comply with the CLA's disclosure requirements because it was a "lessor" under the CLA.

20. Defendant has leased, offered, or arranged to lease vehicles more than five times in the preceding calendar year or more than five times in the current calendar year. 15 U.S.C. § 1667(3); Reg. M § 1013.2(h).

21. As described above, Defendant had substantial involvement in the lease transaction with Plaintiffs.

22. Upon information and belief, Defendant financially gains on the resale of the vehicle at the end of the Lease term.

23. The Lease is governed by the disclosure requirements of 15 U.S.C. § 1667a and 12 C.F.R. § 213.4.

24. The disclosure of the purchase option price in the Lease had to be accurate, clear, conspicuous, and complete. 12 CFR § 1013.3(a).

25. Defendant violated 15 U.S.C. § 1667 and 12 CFR § 1013.4(i) by choosing not to disclose in the purchase option price that payment of $14,684.00

was required to buy the Vehicle, nor that payment of the $999.00 "Predelivery Service Charge", and a $198.00 "Private Tag Agency Fee" charge were required to exercise the purchase option at the end of the lease.

26. Defendant violated 15 U.S.C. § 1667 and 12 CFR § 1013.4(i) by choosing not to disclose in the purchase option price that payment of $14,684.00 to buy the Vehicle and payment of the $999.00 "Predelivery Service Charge", and a $198.00 "Private Tag Agency Fee" charge were required to exercise the purchase option at the end of the lease.

27. Defendant violated 12 CFR § 1013.3(a) because the purchase option price was unclear, inaccurate, and incomplete.

28. These omissions were material to Plaintiffs' decision to enter into the Lease, and Plaintiffs detrimentally relied on these material omissions.

29. Plaintiffs suffered financial loss in that Plaintiffs paid more than what the Lease required to buy the Vehicle.

30. Had Defendant provided an accurate, complete, and clear purchase option price in the Lease, which it was required to do, Plaintiffs would have negotiated better terms or elected declined to lease the Vehicle.

31. Defendant's illegal conduct was the actual and proximate cause of the actual damages suffered by Plaintiffs.

32. Pursuant to 15 U.S.C. § 1640, Plaintiffs are entitled to recover actual

and statutory damages from Defendant, and reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs for relief and judgment against Defendant as follows:

A. Actual Damages of $1,795.64, representing Plaintiffs' financial loss;

B. Statutory Damages of $2,000.00;

C. Pre-judgment and post-judgment interest, as allowed by law;

D. Reasonable attorneys' fees and costs;

E. Injunctive relief requiring Defendant to honor its obligation under its Lease agreements to sell the Leased vehicles for the price identified on the Lease agreement; and

F. Such other and further relief as is just and proper.

## JURY DEMAND

Plaintiffs hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Joshua Feygin
Joshua Feygin, Esq.
FLORIDA BAR NO: 124685
Email: Josh@JFeyginesq.com
SUE YOUR DEALER – A LAW FIRM
1930 Harrison Street, Suite 208 F
Hollywood, FL 33020
Telephone: (954) 228-5674

Facsimile: (954) 697-0357